IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES NZEAKOR | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | Civil Action No._____ |
| QATAR AIRWAYS Q.C.S.C. | § § § | |
| DEFENDANT. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

For his Complaint against Defendant, Qatar Airways Q.C.S.C. ("Qatar"), Plaintiff, Charles Nzeakor, alleges the following:

### I. JURISDICTION

1. This Court has jurisdiction over the civil matter pursuant to 28 U.S.C §1331 because this is an action arising under an international treaty to which the United States is a party, specifically the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on may 28 May 1999, ICAO Doc. No 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc 106-45, 1999 WL 33292734 (the "Montreal Convention").

### II. VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. §1391, subsections (b)(3), (c)(3), and (d) because Defendant is deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within Texas within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. Upon information and belief, Defendant maintains offices at

Dallas Fort Worth International Airport (DFW) and in downtown Dallas within this District, operates daily scheduled flights to and from DFW, has employees based in Dallas, and regularly solicits business from the citizens of this District. This action concerns injuries that Plaintiff sustained while he was a passenger on board a flight operated by Defendant traveling on an international itinerary.

## III. THE PARTIES

3. Plaintiff Charles Nzeakor ("Charles") is an individual resident and citizen of Mesquite, Texas, and has been at all times relevant hereto.

4. Defendant, Qatar Airways Q.C.S.C., doing business as Qatar Airways, is a corporate citizen or subject of the nation of Qatar. Defendant holds a Foreign Air Carrier Permit issued by the United States Department of Transportation that authorizes it to conduct flights between the United States and Qatar. Defendant operates an airline that makes regularly scheduled international flights between Dallas and Doha, the capital of Qatar.

## IV. FACTUAL BACKGROUND

5. On or about December 13, 2021, Plaintiff purchased ticket number 157 2396 355 425 for international carriage on Defendant's airline departing from DFW on the evening of December 14, 2021, and landing at Doha Hamad International Airport ("DOH") on the evening of December 15, 2021, on Flight QR732. Plaintiff's flight then connected to Flight QR1407 from DOH to Lagos Murtala Muhammad International Airport in Lagos, Nigeria ("LOS"), which departed from Doha in the early morning hours of December 16, 2021. Defendant operated all the flights in this itinerary.

6. While Plaintiff was aboard Flight 1407 between DOH and LOS, and seated in his assigned seat, a heavy object fell from the overhead storage bin, striking Plaintiff on the head.

7. Plaintiff suffered serious injuries as a result of the heavy blow to his head, including, without limitation, traumatic brain injury. Those injuries have caused Plaintiff considerable pain and suffering, anxiety, mental distress, discomfort and embarrassment. Plaintiff has had to seek medical treatment for his injuries, which has resulted in his incurring medical expenses in a total amount to be proven at trial. Plaintiff's medical treatment is continuing.

## V. COUNT 1 – STRICT LIABILITY (BODILY INJURIES TO NZEAKOR)

8. Plaintiff restates and realleges each and every preceding factual allegation and incorporates them by reference herein.

9. Pursuant to Article 17(1) of the Montreal Convention, Defendant "is liable for damage sustained in case of…bodily injury of a passenger upon condition only that the accident which caused the…injury took place aboard the aircraft or in the course of any of the operations of embarking or disembarking."

10. The item's falling from the overhead storage compartment onto Plaintiff's head constituted an "accident" that "took place on board the aircraft" within the meaning of Article 17(1) of the Montreal Convention, rendering Defendant liable to Plaintiff for his damages sustained as a result of the bodily injuries he received.

## VII. DAMAGES

11. By reason of the accident aboard the aircraft operated by Defendant Qatar, Plaintiff is entitled to fair compensation for his physical injuries, the associated mental distress and anxiety, his pain and suffering, and embarrassment, and all discomfort, inconvenience, and other *sequelae* of his injuries.

12. No negligence, wrongful act or omission by Plaintiff contributed in any way to the injuries and/or damages he sustained.

## IX. JURY DEMAND

13.     Plaintiff respectfully demands a trial by jury.

## X. PRAYER

14.     Wherefore, Plaintiff demands that Defendant be cited to appear and have judgment against Defendant in an amount in excess of Five Hundred Thousand Dollars ($500,000.00) for all causes of action herein as permitted by the language of the Montreal Convention, as amended.

Respectfully submitted,

GARZA RESENDEZ, PLLC

*/s/ Fernando R. Garza Resendez*
Fernando R. Garza Resendez
Attorney-in-Charge for Plaintiffs
State Bar No. 24107777
Texas Fed Bar No: 3299047
3701 Kirby Dr., Ste. 760
Houston, Texas 77098
Telephone: (956) 696-4878
Facsimile: (956) 266-1110
E-mail: fernando@grtriallaw.com

Of Counsel for Plaintiff:

John D. McKay, Esquire (Pending Pro Hac Vice)
California Bar No. 220202
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, California 94105
Telephone: (434) 531-9569
Facsimile: (407) 264-6551
E-mail: johndmckayatty@gmail.com